IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY FOGARTY ,<br>　　　Plaintiff, | : | |
| | : | |
| v. | : | No: _____ |
| | : | |
| HEREFORD HOMES GREATER<br>READING MANAGEMENT CORP., | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| DAVID RITTENHOUSE, | : | |
| | : | |
| and | : | |
| | : | |
| EMILY D'ORSOGNA, | : | |
| | : | |
| and | : | |
| | : | |
| SCOTT DARRENKAMP,<br>　　　Defendants | : | |

## **COMPLAINT**

Plaintiff, Tammy Fogarty (hereinafter "Plaintiff"), by and through her counsel, Gross McGinley, LLP, files the within Complaint based upon the following:

### A.　　THE PARTIES

1.　　Plaintiff is an adult individual residing 219 Barrington Road, Macungie, Pennsylvania, 18062.

2.　　Defendant, Hereford Homes Greater Reading Management Corp. (hereinafter "Defendant Hereford Homes") is a duly incorporated corporate entity, with its principal office located at 10000 Shannondell Drive, Audubon, Pennsylvania, 19403.

1

3.      Defendant, David Rittenhouse (hereinafter "Defendant Rittenhouse"), is an adult individual having a principal place of business at 10000 Shannondell Drive, Audubon, Pennsylvania, 19403.

4.      Defendant, Emily D'Orsogna (hereinafter "Defendant D'Orsogna"), is an adult individual having a principal place of business at 10000 Shannondell Drive, Audubon, Pennsylvania, 19403.

5.      Defendant, Scott Darrenkamp (hereinafter "Defendant Darrenkamp"), is an adult individual having a principal place of business at 10000 Shannondell Drive, Audubon, Pennsylvania, 19403.

6.      Defendant Rittenhouse is the President and one hundred percent (100%) owner of Defendant Hereford Homes.  Defendant D'Orsogna is the Human Resources Manager of Defendant Hereford Homes, responsible for hiring and firing employees, setting schedules, and setting pay rates. Defendant Darrenkamp is an accountant for Defendant Hereford Homes, who, upon information and belief, is responsible for payroll.

7.      Defendants Rittenhouse, D'Orsogna and Darrenkamp actively participated in the decision to misclassify Plaintiff and unlawfully withhold wages from Plaintiff, and as such, constitute officers/ employers who are personally liable for damages under the Fair Labor Standards Act and Pennsylvania Wage Payment and Collection Law.

## B.      JURISDICTION AND VENUE

8.      This Honorable Court has original subject matter jurisdiction over the above-captioned matter pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims asserted herein arise under the laws of the United States and seeks redress for violations of federal law.

2

9.      Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b) (1) and 1391 (b) (2) because Defendants are located in and/or conduct business within this judicial district and a substantial part of the events and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### C.      FACTUAL ALLEGATIONS

10.     In November 2011, Plaintiff was hired by Defendant Hereford Homes as a "Lead Home Consultant."

11.     At all times relevant hereto, Plaintiff made $12.00 per hour, plus commissions.

12.     For purposes of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, Defendants misclassified Plaintiff as an "exempt" employee in a willful effort to avoid paying Plaintiff the overtime wages she was entitled to receive. Upon information and belief, this decision was arrived at by Defendants Rittenhouse, D'Orsogna and Darrenkamp in their respective roles as officers of Defendant Hereford Homes.

13.     Pursuant to the Fair Labor Standards Act, an "exempt" employee earns a guaranteed biweekly salary of $1,750.00, oversees a department, supervises two (2) or more full time and employees and has the authority to hire and fire.

14.     Lead Home Consultants, like Plaintiff, are not "exempt" employees within the meaning of the Fair Labor Standards Act since they do not supervise work of two (2) or more full time employees, do not hire/fire employees and do not exercise discretion and independent judgment with regard to matters of significance.

15.     From November 2011 until February 2, 2015, Defendants willfully misclassified and refused to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours during a given week.

16.     In sum, Plaintiff worked in excess of 1,000 overtime hours and received no compensation from Defendants for the same.

17.     Additionally, Plaintiff made sales on behalf of Defendants for Mountain Scene 48, Mountain Scene 21 and Hereford Estates 296, but received none of the commissions due and owing.

18.     In 2014, Plaintiff filed a complaint with the U.S. Department of Labor, which concluded that Defendant Hereford Homes misclassified Plaintiff as an "exempt" employee and violated the Fair Labor Standards Act by failing to pay proper overtime wages to Plaintiff. True and correct copies of the U.S. Department of Labor's correspondence to Plaintiff and its Narrative are attached hereto, marked as **Exhibit A,** and incorporated herein by this reference.

19.     To date, Defendants have still willfully refused to pay Plaintiff any overtime wages or commissions due and owing.

**COUNT I**
**Fair Labor Standards Act Violation**
**Fogarty v. All Defendants**

20.     Plaintiff incorporates by reference all paragraphs above of this Complaint, as if set forth at length herein.

21.     The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* in relevant part, governs employer-employee relationships on issues concerning the payment of wages, hours worked and overtime wages and, accordingly, the statute applies to the parties above-captioned.

22.     Defendants Hereford Homes, Rittenhouse, D'Orsogna and Darrenkamp each qualify as an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (d).

23.     Plaintiff's duties as a Lead Home Consultant were such that she did not qualify as an "exempt" employee under the Fair Labor Standards Act, 29 U.S.C. § 213, or any other section thereof, for purposes of payment of overtime wages and maximum hours worked.

24.     Plaintiff is entitled to the payment of overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207, at a rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) hours per week, from November 2011 until February 2, 2015.

25.     Plaintiff is also entitled to the payment of commissions.

26.     Defendant Hereford Homes, through its corporate officers/ decision-makers Rittenhouse, D'Orsogna and Darrenkamp, controlled the work and duties of Plaintiff yet willfully failed to meet their statutory obligations to advise Plaintiff of her non-exempt status, failed to advise her of her right to overtime wages and failed to pay her any of her overtime wages and commissions.

27.     Each Defendant is liable for damages and related remedies due under the Fair Labor Standards Act, including all unpaid overtime wages and commissions and an equal amount of liquidated damages, attorneys' fees, costs of suit, interest and other relief that is just and proper under the circumstances.

28.     Defendants have no good faith basis for refusing to pay Plaintiff all amounts due and owing to her.

WHEREFORE, Plaintiff, Tammy Fogarty, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants as follows:

a.      Actual damages in excess of $18,000.00 representing over 1,000 hours of unpaid overtime work performed by Plaintiff on Defendants' behalf;

b.      Actual damages for all unpaid commissions due and owing;

c.      Liquidated damages in the amount equal to Plaintiff's actual damages;

d.      Litigation costs and reasonable attorneys' fees incurred in prosecuting this action;

e.      Interest at the maximum amount allowed by law; and

f.      Any other relief that this Honorable Court deems just and proper under the circumstances.

## COUNT II
### Pennsylvania Wage Payment and Collection Law Violation
### Fogarty v. All Defendants

29.      Plaintiff incorporates by reference all paragraphs above of this Complaint, as if set forth at length herein.

30.      The Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et. seq.*, provides that every employer must pay all wages when due to its employees.

31.      The Wage Payment and Collection Law authorizes employees, like Plaintiff, to bring civil actions to collect all wages, fringe benefits and supplemental income from any "employer" who has violated the Act, and mandates the payment of attorneys' fees and liquidated damages. 43 P.S. § 260.2a and 260.9a.

32.      Under the Wage Payment and Collection Law, officers who participate in the decision-making to withhold wages are personally liable for damages under the Act. *See* 43 P.S. § 260.2a and 260.9a; *see also Faden v. deviltry*, 625 A.2d 1236 (Pa. Super. 1993); *Hirsch v. EPL Techn., Inc.*, 910 A.2d 84 (Pa. Super. 2006).

33.      Defendants Hereford Homes, Rittenhouse, D'Orsogna and Darrenkamp each qualify as an employer within the meaning of the Wage Payment and Collection Law, 43 P.S. § 260.2a.

34.     Defendant Hereford Homes, through its corporate officers/ decision-makers Rittenhouse, D'Orsogna and Darrenkamp, controlled the work and duties of Plaintiff yet willfully failed to meet their statutory obligation to pay Plaintiff any of her overtime wages and commissions.

35.     Each Defendant is liable for damages and related remedies due under the Wage Payment and Collection Law, including all unpaid overtime wages and commissions, liquidated damages, attorneys' fees, costs of suit, interest and other relief that is just and proper under the circumstances.

36.     Defendants have no good faith basis for refusing to pay Plaintiff all amounts due and owing to her.

WHEREFORE, Plaintiff, Tammy Fogarty, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants as follows:

a.      Actual damages in excess of $18,000.00 representing over 1,000 hours of unpaid overtime work performed by Plaintiff on Defendants' behalf;

b.      Actual damages for all unpaid commissions due and owing;

c.      Liquidated damages in an amount equal to twenty-five percent (25%) of Plaintiff's actual damages;

d.      Litigation costs and reasonable attorneys' fees incurred in prosecuting this action;

e.      Interest at the maximum amount allowed by law; and

f.      Any other relief that this Honorable Court deems just and proper under the circumstances.

7

## COUNT III
### Quantum Meruit/ Unjust Enrichment
**Fogarty v. Defendant Hereford Homes Greater Reading Management Corp.**

37.   Plaintiff incorporates by reference all paragraphs above of this Complaint, as if set forth at length herein.

38.   At all times relevant hereto, Defendant Hereford Homes was unjustly enriched by retaining the benefit of Plaintiff's work, and any sales generated therefrom, without paying Plaintiff for the overtime work she performed on Defendant Hereford Homes' behalf.

39.   By reason of said unjust enrichment, Defendant Hereford Homes is obligated to pay Plaintiff all overtime wages and commissions due and owing.

40.   Defendant Hereford Homes' retention of the aforementioned benefit is unconscionable, and Defendant Hereford Homes is liable to Plaintiff pursuant to the doctrine of *quantum meruit/* unjust enrichment.

WHEREFORE, Plaintiff, Tammy Fogarty, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Hereford Homes in excess of $18,000.00 representing over 1,000 hours of unpaid overtime work and commissions due and owing to Plaintiff.

Respectfully submitted,

GROSS MCGINLEY, LLP

Date: May 19 2015

BY: _____
        LOREN L. SPEZIALE, ESQUIRE
        ZACHARY R. FOWLER, ESQUIRE
        33 S. 7th St., P.O. Box 4060
        Allentown, PA 18105
        *Attorneys for Plaintiff*

# EXHIBIT "A"

U.S. Department of Labor

Wage and Hour Division
Stegmaier Building - Suite 373M
7 N. Wilkes-Barre Boulevard
Wilkes-Barre, Pennsylvania 18702
Tel. (570) 826-6316
Fax (570) 821-4186



February 12, 2015

Ms. Tammy Fogarty
312 Walker Road
Macungie, PA 18062

Subject: Hereford Homes Greater Reading Management Corporation
File: 1744216

Dear Ms. Fogarty:

You recently provided information to the Wage and Hour Division
(WHD) of the federal Department of Labor indicating that the
above-named employer failed to pay proper overtime under the FLSA.
This office conducted an investigation of the above named
employer, for the employment period beginning November 11, 2012
and ending November 9, 2014.  According to our calculations, you
are owed $6,778.97 in unpaid overtime compensation

Specifically, the above-named company violated the FLSA by failure
to pay proper overtime.

FLSA REQUIREMENTS: The FLSA requires employers to pay each non-
exempt employee covered by the Act no less than the federal
minimum wage of $7.25 per hour and overtime premium pay at time
and one-half the regular rate of pay for all hours worked in
excess of 40 hours in a single workweek.

The WHD contacted the employer, explained the FLSA wage
requirements, and requested payment of the wages owed to you.  The
employer would not agree to voluntarily pay the wages owed to you.
The WHD has the authority to file court actions against employers
who do not agree to voluntarily resolve violations of the FLSA.
However, the WHD's resources do not permit it to litigate all of
the cases for which it is unable to obtain the employer's
agreement to pay.  Consequently, it is necessary for the WHD to
advise certain complainants that it will not pursue litigation on
their behalf and advise them of other resources that may be
available to them to resolve their claims.

The WHD is declining to litigate your complaint and will not take any further action on your behalf.

> The decision by the WHD not to litigate your claim and to take no further action on your behalf does not affect your right to bring a private lawsuit in court under the FLSA to recover unpaid minimum wages or unpaid overtime compensation owed to you for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under section 16(b) of the FLSA.

The WHD does not encourage or discourage such private lawsuits.  The decision to pursue a private lawsuit is entirely up to you.

IMPORTANT DEADLINES: IF YOU WISH TO PURSUE A PRIVATE LAWSUIT, YOU should be mindful that the deadlines under the FLSA are as follows:

| Statute of Limitations under FLSA |
| --- |
| → 2 years from the last violation |
| → 3 years from the last violation if you can prove that your employer's actions were "willful." |

Generally, this means that any part of a back wage claim which was earned more than two years before a lawsuit is filed may not be recoverable.

IF YOU WOULD LIKE ASSISTANCE LOCATING AN ATTORNEY who may be interested in your case, the American Bar Association (ABA) has a web portal that can help you identify experienced attorneys in your area, available at:

*www.ABALaborLawReferral.org*[1]

---

[1] Please note that WHD is providing this web address as a service to those complainants seeking further assistance. **The WHD does not guarantee the accuracy of the information provided** through the web portal or by any ABA-approved attorney referral provider, **nor does the WHD guarantee that an attorney will accept your case.**  In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide.  **Providing web address creates no liability on the part of the government.**

If you choose to pursue a private lawsuit, you may request, using the "Request for Documents" sheet attached to this letter, the following documents to provide to the ABA attorney to whom you were referred:

1. Your personal complaint documents (e.g. written statements, records of hours worked, pay stubs) you provided to the WHD;
2. Back wage computations/WH-55 or equivalent, pertaining to you only;
3. Your interview statement;
4. Case File Investigation Narrative Report

If you choose to request documents numbers 1 - 3 above, the WHD will promptly provide the documents to you.  If you include document number 4 above, your overall request will likely take longer to complete.  Additional documents other than those noted above may be obtained by you or your attorney by making a Freedom of Information Act (FOIA) request in writing.  Please note that information such as the names of other employees or witnesses that were a part of the investigation will not be provided as part of any request.

The Request for Documents should be sent to the following address:

> Referral Document Request
> U.S. Department of Labor
> Wage and Hour Division
> 200 Constitution Avenue N.W., S-3502
> Washington, D.C. 20210

A copy of the Handy Reference Guide (HRG) to the FLSA is enclosed for your information.  Please feel free to contact this office at 570-826-6316 if you have any questions regarding this letter.

Sincerely,

Alfonso J. Gristina
District Director

Enclosure:  FLSA HRG

## Request for Documents for Individuals Who Have Filed Complaints with the U.S. Department of Labor's Wage and Hour Division and Are Seeking Legal Assistance from a Private Attorney

Wage and Hour Division Case Identification Number: _____ (This number can be found on the upper right side of the written notice issued to the complainant. If there is no case identification number, an investigation was not opened for this complainant.)

I, _____, request that the Wage and Hour Division
    Complainant First and Last Name

send (please check one or more) [  ] my interview statement, [  ] my back wage computation, [  ] documents I provided to the Wage and Hour Division, and/or [  ] the investigator's fact findings (narrative report)* to (please check one or both):

O  My address:   _____

               Street                               Apartment #

               _____

               City                    State           Zip Code

    Telephone Number   _____

    Email               _____

O  My attorney's address:

    Attorney Name      _____

    Law Firm/Organization  _____

    Address            _____

               Street                              Suite #

               _____

               City                    State           Zip Code

    Telephone Number   _____

    Email               _____

Complainant Signature: _____ Date: _____

Please mail this completed document to:
Referral Document Request
U.S. Department of Labor
Wage and Hour Division
200 Constitution Avenue, NW, S-3502
Washington, DC  20210

_____

* I understand that the investigator's fact findings (narrative report) must be redacted by the Wage and Hour Division, and my request for documents will consequently take longer to receive than a request for just the interview statement, back wage computation, and documents I provided to the Wage and Hour Division.

**Case ID: 1744216**
Hereford Homes Greater Reading Management Corp.       Fed. EIN 20-4622419
Dba Hereford Homes
8117 Chestnut Street
Hereford, PA 18056          800-903-5711
FLSA NARRATIVE

## COVERAGE
The establishment is a Pennsylvania corporation with its corporate office located at 10000 Shannondell Drive, Audubon, PA 19403. The telephone number is 800-903-5711.  The business has been in operation since 2006. David Rittenhouse is the President and 100% owner of the company. Emily D'Orsogna is the Human Resources Manager. This WHI's contact during the course of the investigation was Scott Darrenkamp, Accountant. Mr. Darrenkamp's office is located at 10000 Shannondell Drive, Audubon, PA 19403 and his phone number is 610-728-5612. Exhibit C-1.

The approximate ADV for 2014 is $1,861,259.00 as per information provided by Scott Darrenkamp. The firm is a manufactured home park management company.  The firm employs 14 employees.  All employees are covered on an enterprise basis under FLSA 3(s)(1)(A).  The SIP is 11/10/2012 to 11/09/2014. See Exhibit C-1.

3(d) Employer: Emily D'Orsogna, is an employer as defined by 3(d) of the Act. She is responsible for hiring and firing employees; setting schedules; setting employees' pay rates; and is involved in the daily operations of the business. Ms. D'Orsogna is responsible for the business.

Prior History – Whisard contained no prior investigations of this employer within the past 10 years.

## EXEMPTIONS
541.100/200/300 exemption granted to 1 employee. The 1 employee earns a guaranteed biweekly salary of $1,750.00. The 1 employee oversees a department, supervises 2 or more full time employees and has the authority to hire/fire. Exhibit C-1, A-2 and B-3.

541.100/200 exemption claimed and denied to 2 Home Consultants.  The Home Consultants do not supervise the work of 2 or more full time employees, do not hire/fire employees, and do  not exercise discretion and independent judgment with regard to matters of significance. Exhibit C-1, B-1 and B-2.

7(i) overtime exemption was not applicable as one half the Home Consultants' total earnings in a one month period did not consist of commissions. See Exhibits D-2 and D-3 to support the determination that the sales of manufactured homes are considered retail sales.

13(b)(10)(B) overtime exemption was not applicable as the homes sold by the Home Consultant's were manufactured or modular homes and were not trailers.  See Exhibits D-1a thru D-3.

## STATUS OF COMPLIANCE
The investigation was initiated as a result of a complaint from a current employee. The complainant alleged that she is misclassified as a salaried exempt employee and is not paid proper overtime.  The allegation was substantiated.  The employee's interview and payroll records were used to calculate back wages.  The employee receives a biweekly salary for all hours worked.  Back wages were calculated by totaling the biweekly salary plus commission then dividing this sum by hours worked resulting in the regular rate.  The regular rate was multiplied by .5 to determine the overtime premium.  The overtime

premium was multiplied by the number of overtime hours worked to determine overtime due on a biweekly basis. The biweekly totals were then added together for total back wages due. The employer did not provide records for the first 7 months of the SIP so an average was utilized using the following 7 months of records that were available.

Total back wages due are $6,778.97 due 1 employee. Exhibit WH-3, A-2, A-3, and B-2.

No minors were employed during the SIP.    Therefore, no Child Labor violations were found. Exhibits B-5 and B-6.

**Findings**
Section 6:  A review of employee time records, payroll records and interviews revealed no section 6 violations.

Section 7: A review of time records, payroll records and employee interviews revealed that 2 employees were misclassified as salaried exempt and not paid proper overtime.    The employees' interviews and payroll records were used to calculate back wages. The employees receive a biweekly salary for all hours worked. Back wages were calculated by totaling the biweekly salary plus commission then dividing this sum by hours worked resulting in the regular rate. The regular rate was multiplied by .5 to determine the overtime premium. The overtime premium was multiplied by the number of overtime hours worked to determine overtime due on a biweekly basis. The biweekly totals were added together for total back wages due. The employer did not provide records for the first 7 months of the SIP so an average was utilized using the following 7 months of records that were available.

Total violations resulting from these section 7 violations was $8,788.72 due 2 employees.  Exhibit A-2, A-3, B-1 and B-2.

Section 11:  A review of time records, payroll records and employee interviews revealed that the employer did not keep a record of hours worked for the misclassified employees and failed to provide all of the requested records for the SIP.  Exhibits B-1 and B-2.

Section 12: No minors were employed during the SIP.    Therefore, no Child Labor violations were found. Exhibits B-5 and B-6.

**DISPOSITION**
On January 13, 2015, a final conference was held with Scott Darrenkamp, accountant, Emily D'Orsogna, HR Manager, Mandy Wolford and representing Wage and Hour Division, 7(C); Personal privacy, WHI. The investigation and violations were discussed.  Mr. Darrenkamp disputed the findings.  Mr. Darrenkamp asserted that the 2 Home Consultants meet the requirements of the administrative exemption and stated that this WHI had not acquired complete information relating to the Home Consultant's job requirements and authority.  This WHI was provided with a sales document at the meeting as well as a job description and they are included as Exhibits D-1 and D-4. Mr. Darrenkamp refused to pay back wages and refused to comply.

The complainant was contacted on January 21, 2015, and notified of the outcome.

The employer did not have an FMLA policy as there are less than 50 employees.

The following publications were provided: HRG, WH 1330, Fact Sheets # 44, 20, Regulations 516, 541, 778 and 785.

## RECOMMENDATION
The file should be closed administratively and the complainant notified of her 16(b) rights.

7(C); Personal privacy, WHI
Date:

## ADDENDUM
On 02/27/2015, Andrew Dollman, Esquire, attorney for the firm, contacted Alan Davis, ADD and agreed to comply and agreed to pay the back wages of $8,788.72. ADD Davis accepted the agreement and on 03/11/2015 this WHI mailed to Mr. Dollman the revised WH-56 and WH-58s. Also on 03/11/2015, this WHI notified the complainant of the updated outcome.

7(C); Personal privacy, WHI
Date: